IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL S. SOHAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-0202-N |
| | § | |
| LIFE INSURANCE COMPANY OF | § | |
| NORTH AMERICA a/t/a CIGNA | § | |
| GROUP INSURANCE, and | § | |
| AEGON USA, INC. LONG TERM | § | |
| DISABILITY INSURANCE | § | |
| PLAN NO. 501 | § | |
| | § | |
| Defendants. | § | |

## ORDER

This order addresses Defendant AEGON USA, Inc. Long-Term Disability Plan's (the "Plan") motion to dismiss [9] and Life Insurance Company of North America ("LINA")'s motion to dismiss [7]. Because the Court finds that the Plaintiff's claim is time-barred, the Court grants the Plan's motion. The Court denies LINA's motion without prejudice to permit LINA an opportunity to raise limitations.

### I. ORIGINS OF SOHAL'S CLAIMS

This action arises out of Defendants' denial of long-term disability benefits to the Plaintiff, Paul Sohal ("Sohal"). Sohal was an employee of AEGON USA, Inc. and a participant in the Plan. LINA served as the Plan's claims administrator and issued a long-term disability policy (the "Policy") to the Plan. The Policy provided insurance coverage for the disability benefits offered by the Plan.

Sohal alleges that he became disabled as that term is defined under the Plan. Initially, LINA approved Sohal's claim. He received disability payments from September 20, 2002 through November 18, 2004. Compl. [1] at 3. LINA notified Sohal that it intended to terminate his benefits in a letter dated December 10, 2004. *Id*. Sohal administratively appealed LINA's decision on May 2, 2005. According to the complaint, LINA did not respond. *Id*. Then, on October 25, 2007, Sohal appealed the decision for a second time. LINA denied Sohal's second appeal on March 18, 2008. *Id*. Sohal then filed a third appeal, which LINA denied on January 7, 2009. *Id*. Sohal filed this suit on January 30, 2009, seeking relief under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 ("ERISA").[1]

The Plan moves to dismiss Sohal's claims because they are time-barred by a contractual limitation of action provision in the Summary Plan Description ("SPD").[2] The SPD states: "You cannot bring legal action to recover any benefits after three years have passed since your claim was initially denied." Plan's MSJ [9], Ex. 2 at 21. This provision is one of two limitation of action provisions in the Plan documents. What Sohal calls a "slightly different" provision in the Policy states:

> No action at law or in equity may be brought to recover benefits under the Policy less than 60 days after written proof of loss, or proof by any other electronic/telephonic means authorized by the Insurance Company, has been

---

[1]The parties disagree regarding whether Sohal raises additional state law claims preempted by ERISA. Because the Court holds that Sohal's ERISA claims are time-barred and any state law claims would be preempted, the Court need not sort out which is which.

[2]LINA did not move to dismiss on this ground.

>    furnished as required by the Policy. No such action shall be brought more than 3 years after the time satisfactory proof of loss is required to be furnished.

Plan's MSJ [9], Ex. 3 at 16. The parties do not dispute whether a three year limitations period is reasonable. Rather, Sohal contends that his claim is not time-barred because (1) LINA initially granted his request for benefits, so the triggering events in the above provisions did not occur; and (2) his claim did not begin to accrue until he exhausted the available administrative remedies.

## II. MOTION TO DISMISS STANDARD

When faced with a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). According to the Supreme Court, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face," i.e., "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). A plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted). To avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003); *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989).

As the Supreme Court recently observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief." FED. RULE CIV. PROC. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 129 S. Ct. at 1949-50.

In ruling on a Rule 12(b)(6) motion, the court limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). In addition to the complaint, the court may consider documents that are central to the plaintiffs' claims and are referred to in the complaint. *See In Re Katrina Canal Breaches Lit.*, 495 F.3d

ORDER – PAGE 4

191, 205 (5th Cir. 2007); *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 299 (5th Cir. 2004); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *Patel v. Pacific Life Ins. Co.*, No. 3:08-CV-0249-B 2009 WL 1456526, at *5 (N.D. Tex. 2009).

A party may raise a statute of limitations defense in a motion to dismiss for failure to state a claim. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2007). "Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings." *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)); *see also Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Supp. 2d 765, 774 (N.D. Tex., 2008).

### III. SOHAL'S CLAIMS ARE TIME-BARRED

ERISA does not establish a specific limitations period. Therefore, state law principles of limitation apply. *Harris Methodist*, 426 F.3d 330, 338 (5th Cir. 2005); *see, e.g.*, *Hogan v. Kraft Foods*, 969 F.2d 142, 145 (5th Cir.1992). "Where a plan designates a reasonable, shorter time period, however, that lesser limitations schedule governs." *Id.* at 337 (citing *Northlake Reg'l Med. Ctr. v. Waffle House Sys. Employee Benefit Plan*, 160 F.3d 1301, 1303-04 (11th Cir. 1998); *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 874-75 (7th Cir. 1997)). In determining whether Sohal's claims are time-barred by a

shorter time period established in the Plan documents, the Court takes a two-step approach. First, it considers which of the two relevant provisions applies. Then, it determines whether Sohal's claims are time-barred under the applicable provision.

### A. The Limitation of Action Provision in the SPD Controls

Under ERISA, employers providing benefits to employees are required to provide a summary plan description, a "shorter, simplified version of the plan itself . . . with the goal of allowing them to understand what would otherwise be a complex, somewhat incomprehensible document." *Washington v. Murphy Oil USA, Inc.*, 497 F.3d 453, 456 (5th Cir. 2007). As a matter of law, the terms of an SPD prevail over conflicting provisions in an underlying insurance policy. "[I]f there is a conflict between the summary plan description and the terms of the policy, the summary plan description shall govern." *Id.* at 458 (quoting *Hansen v. Continental Ins. Co.*, 940 F.2d 971, 982 (5th Cir. 1991)); *see McCall v. Burlington Northern/Santa Fe Co.*, 237 F.3d 506, 512 (5th Cir. 2000) ("The SPD is binding and if there is conflict between the SPD and the terms of the plan itself, the SPD controls."); *Rhorer v. Raytheon Eng'rs & Constructors, Inc.*, 181 F.3d 634, 640 (5th Cir. 1999); *Scallion v. Hartford Life & Accident Ins. Co.*, No. 08-2001 2009 WL 2366559, at *4 (W.D. La. July 31, 2009) ("[E]ven if plaintiff were to actually point to contradictions in the master policy and the SPD, this court would be constrained to apply the SPD provision.")

The rationale behind the Fifth Circuit's holding in *Hansen* was that if a court were to find that the terms of the Policy control, it would "eviscerate" ERISA's requirement that employers provide an accurate and comprehensive SPD. *Hansen*, 940 F.2d at 981.

ORDER – PAGE 6

Participants of a plan would be required to "compare the summary to the policy to make sure that the summary was unambiguous, accurate, and not in conflict with the policy. Of course, if a participant has to read and understand the policy in order to make use of the summary, then the summary is of no use at all." *Id.* at 981-82.

Here, the limitation of action provision in the SPD conflicts with the provision in the Policy. The central difference between them is the event that triggers the accrual of the limitations period. Under the SPD, the clock begins to run when a claim is "initially denied," whereas under the Policy, it starts from the time that "proof of loss is required." Because the provisions conflict, the terms of the SPD control. *Hansen*, 940 F.2d at 982. Therefore, Sohal's claim was time-barred three years from the date that his benefits were "initially denied."

### *B. The Limitation of Action Provision in the SPD Bars Sohal's Claims*

Sohal argues that his claim was never "initially denied" because his request for benefits was, at first, granted and he received payments for a period of twenty months. Pl.'s Resp. to Plan's MSJ [11] at 8. Therefore, Sohal concludes that the triggering event in the limitation of action provision in the SPD did not occur and his claim is not barred. *Id.* Indeed, under Sohal's interpretation of the SPD, his claim would never be time barred.

Sohal's argument fails under a straightforward interpretation of the language in the SPD. The term "initially denied" refers to when an insured's claim for benefits is denied for the first time. Plan's MSJ [9], Ex. 2 at 21. In other words, the clock begins to run on the insured's potential legal claims from the date that he is notified that benefits will not be paid.

In this case, Sohal's claims were initially denied – that is, denied for the first time – on December 10, 2004, when he received a "denial letter" terminating any further payment of long-term disability benefits. Compl. [1] at 3. Therefore, under the limitation of action provision in the SPD, Sohal had three years from the date he received this letter to file suit.

Sohal also argues that because he was required to exhaust the administrative remedies available under the Plan, the limitations period did not begin to accrue until his claim was denied on appeal. Pl.'s Resp. to Plan's MSJ [11] at 7. However, the language in the SPD is clear. The clock begins to run on initial denial. Plan's MSJ [9], Ex. 2 at 21. In a separate sentence, it requires an insured to exhaust administrative remedies before filing suit. *Id*. Thus, Sohal's limitations period began to run when his benefits were denied despite the fact that he was required to pursue an internal appeals process.[3]

Moreover, even if Sohal's claim did not accrue until he exhausted his administrative remedies, it would be barred. According to Sohal's complaint, he filed an appeal with LINA on May 2, 2005. LINA did not respond. According to Department of Labor regulations, an appeal is deemed exhausted if it the administrator does not respond within 45 days. 29

---

[3]Many Circuit Courts, including the Fifth, have confronted similar provisions that allow the limitations period to run while the insured is pursuing an internal administrative appeals process, as required by the policy. "We join the Fifth, Sixth, Seventh and Eighth Circuits in upholding written plan terms including limitations periods which may begin to run before a claimant can bring legal action." *Burke v. PriceWaterhouseCoopers LLP, Long Term Disability Plan*, 537 F. Supp. 2d 546 (2d Cir. 2008) (citing *Abena v. Metro. Life Ins. Co.*, 544 F.3d 880 (7th Cir. 2008); *Harris Methodist Fort Worth v. Sales Support Servs. Inc. Employee Health Care Plan*, 426 F.3d 330 (5th Cir. 2005); *Clark v. NBD Bank, N.A.*, 3 Fed. Appx. 500 (6th Cir. 2001); *Blaske v. UNUM Life Ins. Co. of Am.*, 131 F.3d 763 (8th Cir. 1997)); *but see White v. Sun Life Assurance Co. of Can.*, 488 F.3d 240, 247 (4th Cir. 2007).

C.F.R. § 2560.503-1(i)(3); 2560.503-1(l); *see Burke*, 572 F.3d at 80.  Therefore, Sohal's claims were exhausted on June 17, 2005, more than three years before the date he filed suit.[4]

In sum, Sohal's claims are barred by the limitation of action provision in the SPD because his request for benefits was initially denied on December 10, 2004, more than three years before the date he filed suit.

## CONCLUSION

Because the Court finds that Sohal's claims against the Plan are time-barred, the Court grants the Plan's motion to dismiss.  LINA did not present the argument that Sohal's claims are time-barred.  It appears to the Court that the arguments addressed here might also apply to Sohal's claims against LINA.  In the interest of judicial economy, the Court denies LINA's motion to dismiss without prejudice and without reference to the merits.  LINA has thirty days from the date of this order to file a second motion to dismiss raising limitations, if it determines that it is applicable.  If LINA chooses to reurge its original grounds, it may do so by reference without repeating the grounds or briefing (and Sohal may do likewise in his response).  LINA's answer is not due until fourteen days after the Court's order on the second motion to dismiss.

---

[4]Thus, on these facts, there is no difficulty with the dual requirements of limitations three years after an initial denial of benefits and administrative exhaustion.  Sohal exhausted his administrative remedies on June 17, 2005, long before limitations ran on December 10, 2007.

Signed September 23, 2009.

_____
David C. Godbey
United States District Judge